UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUGENE HART Jr.,

Plaintiff,

v.

UNITED STATES PATENT AND
TRADEMARK OFFICE,

Defendant.

Case No. 26-cv-00584-AMO

**ORDER GRANTING MOTION FOR
LEAVE TO PROCEED IN FORMA
PAUPERIS AND DISMISSING
COMPLAINT**

Dkt. Nos. 1, 2

## I.    INTRODUCTION

Plaintiff Eugene Hart, Jr., who proceeds without the assistance of an attorney, sues the United States Patent and Trademark Office, Robert Lee Hart, and Duivan Fields in this action. Dkt. No. 1.  He also seeks leave to proceed in forma pauperis.  Dkt. No. 2.  For the reasons stated below, the Court **GRANTS** the application but **DISMISSES** the complaint under 28 U.S.C. § 1915(e)(2) because it is deficient.

## II.    IN FORMA PAUPERIS APPLICATION

A district court may authorize the start of a civil action in forma pauperis if the court is satisfied the would-be plaintiff cannot pay the filling fees required to pursue the lawsuit.  *See* 28 U.S.C. § 1915.  Here, Hart submitted an application seeking to proceed in forma pauperis, and the application demonstrates his inability to pay the costs of this action.  Accordingly, the Court **GRANTS** the application to proceed in forma pauperis.

## III.    SCREENING UNDER 28 U.S.C. § 1915(e)(2)

### A.    Legal Standard

A court must dismiss an in forma pauperis complaint before service of process if it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks

United States District Court
Northern District of California

monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(i)-(iii). "The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (citation omitted). As such, the complaint must allege facts that plausibly establish each defendant's liability. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In making this determination, the Court must "take as true all allegations of material fact stated in the complaint and construe them in the light most favorable to the plaintiff." *Watison*, 668 F.3d at 1112 (citation omitted). The Court must also "construe [a *pro se* plaintiff's] pleadings liberally and afford the petitioner the benefit of any doubt." *Id.* (internal quotations and citations omitted; modification in original). However, the Court "may not supply essential elements of the claim that were not initially pled." *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992).

### B.    Application

Hart alleges that his mom and grandmother have passed away, that they were and have been getting taken advantage of, and that their rights, property, and land is going to the wrong people. Dkt. No. 1 ("Compl.") at 4. Based on these allegations, Hart asserts one of the named defendants – Robert Lee Hart – and another individual who is not a named defendant, violated the "rule of law" or "privacy and human rights" in connection with the handling of the family name, branding, and disposition of assets following the death of Hart's mother and grandmother. *Id.* at 7. He also asserts a claim for breach and infringement based on alleged violations of "common law or human and privacy rights" against Robert Lee. *Id.* at 9.

Taking these allegations and true, and construing them liberally given Hart's pro se status, they do not contain plausible factual allegations that establish each defendant's liability. *See Twombly*, 550 U.S. at 555. For this reason, dismissal is appropriate under Section 1915(e)(2)(B)(ii). However, because leave to amend should be freely granted, the Court will

United States District Court
Northern District of California

allow Hart an opportunity to file an amended complaint.

**IV.    CONCLUSION**

For the reasons set forth above, Hart's application to proceed in forma pauperis is **GRANTED**, and his complaint is **DISMISSED WITH LEAVE TO AMEND**. By no later than April 17, 2026, Hart may file an amended complaint. Failure to file an amended complaint by that date will result in dismissal of this action without further notice.

To aid in the preparation of his amended complaint, the Court encourages Hart to contact the Federal Pro Bono Project's Help Desk – a free service for pro se litigants – by calling (415) 782-8982 to make an appointment to obtain legal assistance from a licensed attorney. More information about the program is available online at the Court's website < https://cand.uscourts.gov/representing-yourself/jdc-legal-help-center-san-francisco-oakland-courthouses >.

The initial case management conference set forth April 23, 2026, and the April 16, 2026 deadline for a case management statement, are **VACATED** pending further order of the Court.

**IT IS SO ORDERED.**

Dated: March 18, 2026

**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**

United States District Court
Northern District of California